IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN RAYMOND GONZALES,

    Plaintiff,

v.        No. 1:22-cv-00486-SCY

STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,
REGINA CHACON,
CIBOLA COUNTY SHERIFF DEPARTMENT, and
TONY MACE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,
ORDER TO SHOW CAUSE AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 1, 2022 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 1, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $861.00; (ii) Plaintiff's monthly expenses total $532.00 excluding expenses for food; and (iii) Plaintiff has no cash and no money in bank accounts.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because of his low monthly income.

**The Complaint**

Plaintiff was "released from the New Mexico Corrections Department on September 14, 2010 for [his] 1987 New Mexico convictions of Criminal Sexual Penetration in the Second Degree and Criminal Sexual Contact of a Minor." Complaint at 6.  Plaintiff alleges that the New Mexico Department of Public Safety and the Cibola County Sheriff Department are forcing Plaintiff to register as a sex offender. *See* Complaint at 2.  Plaintiff contends that the New Mexico Department of Public Safety and the Cibola County Sheriff Department are violating Plaintiff's due process rights because the New Mexico Sex Offender Registration Act "didn't come into effect until 1991" and "ex post facto law are expressly forbidden by the United States Constitution." Complaint at 2.  Plaintiff claims "These two agenc[ies] have failed to give me due process" and "Both these

agenc[ies] don't have sentencing authority! they sentence me for life!" Complaint at 7. The only relief Plaintiff seeks is removal "from the sex offender registry." Complaint at 9.

**Defendant New Mexico Department of Public Safety**

Plaintiff's claim against the New Mexico Department of Public Safety should be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The New Mexico Department of Public Safety, as an arm of the State of New Mexico, is not a "person" within the meaning of § 1983 and therefore is immune from § 1983 suits. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

**Defendant Cibola County Sheriff Department**

The claim against the Cibola County Sheriff Department should be dismissed because it is not a separate suable entity.  "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."  *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

**Defendant Regina Chacon**

Defendant Chacon is the Bureau Chief for the New Mexico Department of Public Safety. *See* Complaint at 6. Defendant Chacon: (i) reviewed Plaintiff's record at Plaintiff's request; (ii) verified that Plaintiff was released from the New Mexico Corrections Department in 2010 for his 1987 New Mexico convictions of Criminal Sexual Penetration in the Second Degree and Criminal Sexual Contact of a minor; (iii) notified Plaintiff that those convictions hold a lifetime registration requirement under the New Mexico Sex Offender Registration and Notification Act; and (iv) notified Plaintiff that he is required to register in New Mexico with the respective County Sheriff's Office for the county in which he resides every 90 days for the entirety of his natural life. *See* Complaint at 6; *see also* N.M. Stat. Ann. § 29-11A-4(A) ("A sex offender residing in this state shall register with the county sheriff for the county in which the sex offender resides").

Plaintiff contends that application of the New Mexico Sex Offender Registration and Notice Act by Defendant Chacon violates the ex post facto clause of the United States Constitution because Plaintiff was convicted before the Act was effective.  *See* Complaint at 2.  In *Herrera v. Williams*, the United States Court of Appeals for the Tenth Circuit stated:

> Herrera appears to contend that application of the New Mexico Sex Offender
> Registration Act to him violates the ex post facto clause because he was convicted

4

> before the Act was effective. Among laws prohibited by the ex post facto clause are those that "make[ ] more burdensome the punishment for a crime, after its commission." *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (internal quotations omitted). However, sex offender registry laws do not fall within the purview of the ex post facto clause because they impose only *civil* burdens upon sex offenders and do not implicate *criminal* punishments, as required by the ex post facto clause. *See Femedeer v. Haun,* 227 F.3d 1244, 1253 (10th Cir.2000) (analyzing Utah sex offender registry); *see also Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (upholding Alaska sex offender registration act against ex post facto clause challenge on grounds that act was intended as a civil, non-punitive statute). Herrera has presented no evidence tending to establish the New Mexico statute is in any way different.

*Herrera v. Williams*, 99 Fed.Appx. 188, 190 (10th Cir. 2004) (emphasis in original). The Complaint contains no allegations showing that the New Mexico Sex Offender Registration and Notice Act involves criminal punishment. Consequently, Plaintiff's claim against Defendant Chacon should be dismissed for failure to state a claim upon which relief can be granted.

**Defendant Tony Mace**

Defendant Mace is the current Sheriff of Cibola County. *See* Complaint at 10. Plaintiff's claim that application of the New Mexico Sex Offender Registration and Notice Act by Defendant Mase violates the ex post facto clause fails to state a claim for the reason stated above regarding Defendant Chacon. Furthermore, it does not appear that Defendant Mace, as Sheriff of Cibola County, has any authority to provide the only relief Plaintiff seeks: removal of his name from the State of New Mexico's sex offender registry. Plaintiff's claim against Defendant Mace should be dismissed for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 1, 2022, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, show cause why this case should not be dismissed. If Plaintiff asserts that the case should not be dismissed,

Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**