**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN RAYMOND GONZALES,

      Plaintiff,

v.                                          No. 1:22-cv-00486-KWR-SCY

STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,
REGINA CHACON,
CIBOLA COUNTY SHERIFF DEPARTMENT, and
TONY MACE,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

        Plaintiff, who is proceeding *pro se*, is a convicted sex offender who was sentenced in 1987 and released from the New Mexico Corrections Department on September 14, 2010.  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 6, Doc. 1, filed July 1, 2022 ("Complaint").  Plaintiff alleges that the New Mexico Department of Public Safety and the Cibola County Sheriff Department are forcing Plaintiff to register as a sex offender.  *See* Complaint at 2.  Plaintiff contends that the New Mexico Department of Public Safety and the Cibola County Sheriff Department are violating Plaintiff's due process rights because the New Mexico Sex Offender Registration Act "didn't come into effect until 1991" [after Plaintiff was convicted and sentenced] and "ex post facto law are expressly forbidden by the United States Constitution."  Complaint at 2.  Plaintiff asserts "These two agenc[ies] have failed to give me due process" and "Both these agenc[ies] don't have sentencing authority! they sentence me for life!"  Complaint at 7.  The only relief Plaintiff seeks is removal "from the sex offender registry."  Complaint at 9.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that his claim against the New Mexico Department of Public Safety should be dismissed for lack of jurisdiction because the New Mexico Department of Public Safety, as an arm of the State of New Mexico, has Eleventh Amendment immunity from suits in federal court by citizens of the State.  *See* Order to Show Cause at 3.  Judge Yarbrough also notified Plaintiff that his claim against the Cibola County Sheriff Department should be dismissed because it is not a separate suable entity.  *See* Order to Show Cause at 4.

Judge Yarbrough notified Plaintiff that his claim against Defendant Chacon, who is the Bureau Chief for the New Mexico Department of Public Safety, should be dismissed for failure to state a claim:

> Plaintiff contends that application of the New Mexico Sex Offender Registration and Notice Act by Defendant Chacon violates the *ex post facto* clause of the United States Constitution because Plaintiff was convicted before the Act was effective. *See* Complaint at 2.  In *Herrera v. Williams*, the United States Court of Appeals for the Tenth Circuit stated:
>
> > Herrera appears to contend that application of the New Mexico Sex Offender Registration Act to him violates the ex post facto clause because he was convicted before the Act was effective. Among laws prohibited by the ex post facto clause are those that "make[ ] more burdensome the punishment for a crime, after its commission." *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (internal quotations omitted). However, sex offender registry laws do not fall within the purview of the ex post facto clause because they impose only *civil* burdens upon sex offenders and do not implicate *criminal* punishments, as required by the ex post facto clause. *See Femedeer v. Haun,* 227 F.3d 1244, 1253 (10th Cir.2000) (analyzing Utah sex offender registry); *see also Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (upholding Alaska sex offender registration act against ex post facto clause challenge on grounds that act was intended as a civil, non-punitive statute). Herrera has presented no evidence tending to establish the New Mexico statute is in any way different.
>
> *Herrera v. Williams*, 99 Fed.Appx. 188, 190 (10th Cir. 2004) (emphasis in original). The Complaint contains no allegations showing that the New Mexico Sex Offender

Registration and Notice Act involves criminal punishment.   Consequently, Plaintiff's claim against Defendant Chacon should be dismissed for failure to state a claim upon which relief can be granted.

Order to Show Cause at 4-5.

Judge Yarbrough also notified Plaintiff that his claim against Defendant Mace, who is the

current Sheriff of Cibola County, should be dismissed for failure to state a claim because:

Plaintiff's claim that application of the New Mexico Sex Offender Registration and Notice Act by Defendant Mace violates the ex post facto clause fails to state a claim for the reason stated above regarding Defendant Chacon.  Furthermore, it does not appear that Defendant Mace, as Sheriff of Cibola County, has any authority to provide the only relief Plaintiff seeks: removal of his name from the State of New Mexico's sex offender registry.

Order to Show Cause at 5.

Judge Yarbrough ordered Plaintiff to show cause why this case should not be dismissed

and to file an amended complaint if Plaintiff asserts that the case should not be dismissed.

Plaintiff's Response/Amended Complaint states:

The dept of public safety, Regina Chacon is a Bureau Chief of a compliance office. Her duties are to make sure that defendents that commit crimes of this nature and ordered by the courts are in compliance with what the courts ordered. She need a court order to be in compliance.  She has no authority to take control of a persons life.

The Cibola County Sheriffs Dept. Tony Mace doesnt have the authority to take control of a persons life!  The extent of this depts authority are they do have arresting authority ...

Neither one of these agencys have the authority to inhance my sentence.

It requires a court to do that.

The sentence that Honorable Judge Edwin L. Felter has been completed the dept of Corrections have given me a Certificate of Completion of Sentence.  These two agency have no authority to enhance my sentence.

[sic] Response, Doc. 6, filed July 12, 2022.  Plaintiff's Response/Amended Complaint does not:

(i) address the Court's jurisdiction over the claim against the New Mexico Department of Public

3

Safety; (ii) show that the Cibola County Sheriff's Office is a suable entity; (iii) set forth any legal authority showing that enforcement of the New Mexico Sex Offender Registration and Notice Act imposes criminal punishment; and (iv) set forth any legal authority showing that Defendant Mace, as Sheriff of Cibola County, has any authority to provide the only relief Plaintiff seeks: removal of his name from the State of New Mexico's sex offender registry.

The Court dismisses Plaintiff's claims against the New Mexico Department of Public Safety for lack of subject-matter jurisdiction.  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). "The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014)). Plaintiff has not alleged facts supporting jurisdiction over his claims against the New Mexico Department of Public Safety.

The Court dismisses Plaintiff's claims against the Cibola County Sheriff's Office because it is not a suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).  Plaintiff has not shown that the Cibola County Sheriff's Office is a suable entity.

The Court dismisses Plaintiff's claims against Defendants Chacon and Mace for failure to state a claim.   "[S]ex offender registry laws do not fall within the purview of the ex post facto clause because they impose only *civil* burdens upon sex offenders and do not implicate *criminal* punishments, as required by the ex post facto clause."   *Herrera v. Williams*, 99 Fed.Appx. 188, 190 (10th Cir. 2004) (emphasis in original).   Plaintiff has not shown that the New Mexico Sex Offender Registration and Notice Act involves criminal punishment.

Having dismissed all of Plaintiff's claims, the Court dismisses this case.

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**